UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JUAN A. RIBOT-CARIÑO,

    Plaintiff,

v.                                    Civil No. 98-2049 (JAF)

ZOE LABOY-ALVARADO, et al.,

    Defendants.

**OPINION AND ORDER**

Plaintiff, Juan A. Ribot-Cariño, an inmate at the Río Piedras State Penitentiary, brings this pro-se 42 U.S.C. § 1983 action requesting immediate injunctive relief against Defendants, Zoé Laboy-Alvarado, Administrator of Corrections of Puerto Rico; Roberto Morales Caraballo, Investigator and Supervisor; Julia Doe, Supervisor; Nydia Cotto Vives and Mr. Paganer, Directors; Eneida García, Supervisor; Myrna Negro, Social Services Worker; Pablo Román-Román, Warden; FNU Pérez, Sargent; Wanda Montañez, Supervisor; Marisol Casanova, Social Worker; Juan Miranda Vélez, Warden; and Mr. Valentín, alleging retaliation in violation of 28 U.S.C. § 2675(b); threats and physical assault in violation of 28 U.S.C. § 1915(g); and tampering with federal evidence in violation of 42 U.S.C. §§ 1985(b) and (c). Plaintiff moves to proceed *in forma pauperis*, and we examine the allegations to gauge the *prima facie* sufficiency of the complaint. See Part II, *infra*.

Civil No. 98-2049 (JAF)                                                    2-

## I.

### Introduction

On June 16, 1997, Plaintiff filed suit in federal court alleging intentional tampering with his federal mail. The court dismissed the suit without prejudice on August 11, 1997. On January 27, 1998, Plaintiff filed a federal suit alleging retaliation; denial of access to the courts; and deprivation of his prescription drugs. The same court dismissed the suit on March 19, 1998. Both previous cases were dismissed because Plaintiff failed either to pay the statutory filing fee of $150 or to submit a proper motion to proceed *in forma pauperis*.

Plaintiff now brings this suit alleging retaliation, threats, physical assault, and tampering with federal evidence. Plaintiff alleges two physical assaults against his person: An October 29, 1997, assault by prison administrators and a December 16, 1997, assault by Officer Llaurador. Plaintiff further contends that Sargent Pérez and Warden Román deliberately concealed and then lied to cover up interference with the judicial process. In addition, Plaintiff alleges that throughout the course of his earlier lawsuits Julia Doe, Roberto Morales Caraballo, Lieutenant Valentín, Warden Juan Miranda Reyes, and Wanda Montañez engaged in delay tactics in violation of Plaintiff's constitutional rights.

Civil No. 98-2049 (JAF) 3-

## II.

### Standard for Motion to Dismiss[1]

Under Rule 12(b)(6), a defendant may move to dismiss an action against him based only on the pleadings for "failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993); see also Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). We then determine whether plaintiffs have stated a claim under which relief may be granted.

### A. 42 U.S.C. § 1983 Liability

In order to establish liability under section 1983, plaintiff must first show that "[t]he conduct complained of was committed by a person acting under color of state law." Parrat v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); see also Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989); Voutour v. Vitale, 761 F.2d 812, 819 (1st Cir. 1985), cert. denied, Saugus v. Voutour, 474 U.S. 1100 (1986).

---

[1]Given the uncommon procedural posture of this case, we are dealing with Plaintiff's allegations under the motion to dismiss standard in assessing whether he has stated a claim.

Civil No. 98-2049 (JAF) 4-

Second, plaintiff must show that the defendants' conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parrat, 451 U.S. at 535; Gutierrez-Rodriguez, 882 F.2d at 559. This second prong of the inquiry has two elements. The first element requires that there was, in fact, a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. Voutour, 761 F.2d at 819. The second element requires plaintiff to show that the defendants' conduct caused this deprivation. Id. at 819. This second-element inquiry has three parts. First, plaintiff must establish for each codefendant that his or her own act or omission deprived the victim of protected rights. Monell v. Department of Social Services, 436 U.S. 658, 694 n. 58 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)); Gutierrez-Rodriguez, 882 F.2d at 562; Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir. 1989). Second, the defendant's conduct or inaction must have been intentional, Simmons v. Dickhaut, 804 F.2d 182, 185 (1st Cir. 1986), grossly negligent, or must have "amounted to a reckless or callous indifference to the constitutional rights of others." Gutierrez-Rodriguez, 882 F.2d at 562. The final element in proving causation requires "an 'affirmative link' between the street-level misconduct and the action, or inaction, of supervisory officials." Gutierrez-Rodriguez, 882 F.2d at 562 (quoting Rizzo, 423 U.S. at 371).

## III.

### Analysis

Plaintiff is bringing suit under section 1983. The First Circuit has stated that, where plaintiff is alleging a violation of the civil rights statutes, "we insist that the claim at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why. " Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982); Gilbert v. Cambridge, 932 F.2d 51, 62 (1st Cir. 1991) ("We have been particularly insistent in section 1983 cases to require a fair degree of specificity--a foundation of material facts--to survive a motion to dismiss."). This must be balanced against the tolerant reading which we give to pro se *in forma pauperis* complaints. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

In the instant case, some of Plaintiff's allegations are sufficient to state a claim while others fail. As to the assault allegations, we find that Plaintiff has adequately stated a claim for the December 16, 1997, assault by Officer Llaurador. In that case, Plaintiff alleges a specific person who committed a concrete act allegedly in retaliation for Plaintiff's filing of the two previous lawsuits. Furthermore, Plaintiff maintains that he has documentary evidence in the form of photographs and audiotapes of his injuries. The Officer was undoubtedly acting under color of law and the

Civil No. 98-2049 (JAF) 6-

conduct, if proven, could constitutes a violation of the Eight Amendment. U.S. CONST., amend. VIII.

On the other hand, we find insufficient evidence to support Plaintiff's alleged October 29, 1997, attack. In that case, Plaintiff merely maintains that prison administrators assaulted him. Without more, this is insufficient to state a claim. We do not know who allegedly assaulted Plaintiff, how the assault was purportedly carried out or what injuries Plaintiff incurred. There is simply not enough evidence to support such a vague allegation.

Plaintiff further contends that Sargent Pérez and Warden Román deliberately concealed and then lied to cover up interference with the judicial process and Julia Doe, Roberto Morales Caraballo, Lieutenant Valentín, Warden Juan Miranda Reyes, and Wanda Montañez engaged in delay in violation of Plaintiff's federal statutory rights throughout the course of his earlier lawsuits. Our system of justice guarantees access to the courts for all citizens which, in turn, extends to prohibit interference with the judicial process. 42 U.S.C. § 1985(b). Furthermore, depriving an individual of equal protection of the laws is also a federal offense. 42 U.S.C. § 9185(c). However, section 1985 is a part of the Civil War Amendments aimed at protecting people from discrimination because of racial or class status. See, generally, United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 103 S.Ct. 3352 (1983). Plaintiff is simply not making the proper allegations to support a

AO 72
(Rev 8/82)

Civil No. 98-2049 (JAF) 7-

cause of action under section 1985. He is not alleging that he is a member of a protected class or that the officials involved conspired to discriminate against him for an unconstitutional reason. Thus, we dismiss the actions alleged against Sargent Pérez, Warden Román, Julia Doe, Roberto Morales-Caraballo, Lieutenant Valentín, Warden Juan Miranda Reyes, and Wanda Montañez for violation of federal laws, 42 U.S.C. §§ 1985(b) and (c).

### IV.

### Conclusion

In accordance with the foregoing, we **GRANT** Plaintiff's motion to proceed *in forma pauperis* with regard to the December 16, 1997 assault;[2] and **DISMISS** Plaintiff's claims for the October 29, 1997 assault and for interference with the judicial process. We **DECLINE** to rule on Plaintiff's motion for an injunction at this time.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of September, 1999.

JOSE ANTONIO FUSTE
U. S. District Judge

---

[2] In so doing, we note that Plaintiff needs to provide much more information to survive a motion for summary judgment and we remain skeptical about his case given his litigious track record on these very same claims.