IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN RIBOT-CARIÑO

**Plaintiff**

v.

ZOE LABOY, et als.

**Defendants**

CIVIL NO. 98-2049 (JAG)



**OPINION AND ORDER**

Plaintiff, Juan A. Ribot-Cariño ("Ribot"), an inmate at the Rio Piedras State Penitentiary, brings this pro se action requesting injunctive relief and damages pursuant to 42 U.S.C. §1983, against defendants, Zoe Laboy, former Administrator of Corrections of Puerto Rico Nydia Cotto Vives, former Secretary of Corrections of Puerto Rico; Wanda Montanez, Pablo Roman, Eneida Garcia, Paganel Sanchez, Roberto Morales, Julia Soto and Myrna Negron. On November 9, 2000, defendants filed a motion to dismiss the Complaint, for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To date, Ribot has not responded to the motion. Upon review of the pleadings and the record the Court grants defendants' motion.

**PROCEDURAL BACKGROUND**

On June 16, 1997, Ribot filed suit in federal court alleging intentional tampering with his federal mail. The court dismissed

Civil No. 98-2049 (JAG)                                                                 2

the suit without prejudice on August 11, 1997. On January 27, 1998, Ribot filed a federal suit alleging retaliation; denial of access to the courts; and deprivation of his prescription drugs. The same court dismissed the suit on March 19, 1998. Both cases were dismissed because Ribot failed either to pay the statutory filing fee of $150 or to submit a proper motion to proceed in <u>forma pauperis</u>.

On September 11, 1998, Ribot brought suit against defendants, Zoe Laboy, former Administrator of Corrections of Puerto Rico Nydia Cotto Vives, former Secretary of Corrections of Puerto Rico; Wanda Montañez, Pablo Roman, Eneida Garcia, Paganel Sanchez, Roberto Morales, Julia Soto, Juan Miranda, Myrna Negron and correctional officers Valentin and Perez pursuant to 42 U.S.C. §§ 1983, 1985(b) and (c). Ribot alleged in his Complaint that he was assaulted by correctional officers on October 29, 1997 and on December 16, 1997. On September 29, 1999, U.S. District Judge José Fuste issued an opinion and order dismissing Ribot's claims pursuant to 42 U.S.C. §§ 1985(b) and (c) against co-defendants Roberto Morales, Juan Miranda, Wanda Montañez, Pablo Roman, and correctional officers Valentin and Perez. Judge Fuste further held that there was insufficient evidence to support Ribot's alleged October 29, 1997, attack because Ribot merely argued that prison administrators assaulted him. As to the alleged December 16, 1997, attack Judge Fuste held that since Ribot mentions the name of the correctional

Civil No. 98-2049 (JAG)                                                3

officer who assaulted him, the assault if proven, could constitute a violation of the Eight Amendment to the United States Constitution.

Effective August 1, 2000, this case was reassigned to this Judge for its disposition.

## FACTUAL BACKGROUND

Ribot alleges that on December 16, 1997, a correctional officer, named Llaurador, assaulted him in retaliation for Ribot filing two previous law suits against the officers of the Rio Piedras State Penitentiary. Although the Complaint did not contain the specificity that undoubtedly would have been present had it been prepared by an attorney, it nevertheless alleged the injury that could only have been caused by the assault.

## MOTION TO DISMISS STANDARD

In reviewing the dismissal of a pro se complaint for failure to state a claim, the Court must construe it liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and consider the allegations as true, CoolDer v. Pate, 378 U.S. 546 (1964), in the light most favorable to the plaintiff. Harper v. Cserr, 544 F.2d 1121, 1122(1st Cir. 1976). Dismissal is warranted "only if plaintiff is not entitled to relief under any set of facts he could prove " Id. citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nevertheless, pro se plaintiffs are required to plead basic facts sufficient to state a claim. Leonardo v. Moran, 611 F.2d 397, 398 (1st Cir.

AO 72A
(Rev. 8/82)

Civil No. 98-2049 (JAG)                                                    4

1979). See also Brown v. Hot, Sexy, and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995). The test is whether, accepting the factual allegations in the Complaint as true, and construing them in the light most favorable to Ribot, the Complaint indicates any facts that could entitle him to relief. La Chapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).

## DISCUSSION

In order to establish liability under Section 1983, Ribot must first show that "[t]he conduct complained of was committed by a person acting under color of state law." Parrat v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); see also Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989); Voutour v. Vitale, 761 F.2d 812, 819 (1st Cir. 1985). Second, Ribot must show that defendants' conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parrat, 451 U.S. at 535; Gutierrez-Rodriguez, 882 F.2d at 559. This second prong of the inquiry has two elements. The first element requires that there be in fact, a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. Voutour, 761 F.2d at 819. The second element requires Ribot to show that the defendants' conduct caused this deprivation. Id. at 819. This second-element inquiry has three parts. First, Ribot must establish for each co-defendant that his or her own act

Civil No. 98-2049 (JAG)                                                    5

or omission deprived him of protected rights. <u>Monell v. Deoartment of Social Services</u>, 436 U.S. 658, 694 n. 58 (1978) (citing <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71(1976)); <u>Gutierrez-Rodriguez</u>, 882 F.2d at 562; <u>Figueroa v. Aponte-Roque</u>, 864 F.2d 947, 953 (1st Cir. 1989).

Second, defendants' conduct or inaction must have been intentional, <u>Simmons v. Dickhaut</u>, 804 F.2d 182, 185 (1st Cir. 1986), grossly negligent, or must have "amounted to a reckless or callous indifference to the constitutional rights of others." <u>Gutierrez-Rodriguez</u>, 882 F.2d at 562. The final element in proving causation requires "an 'affirmative link' between the street-level misconduct and the action, or inaction, of supervisory officials." <u>Gutierrez-Rodriguez</u>, 882 F.2d at 562 (quoting <u>Rizzo</u>, 423 U.S. at 371).

The Eighth Amendment to the Constitution prohibits states from inflicting "cruel and unusual punishment" on the prisoners it confines. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991). "[I]t is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." <u>Farmer v. Brennan</u>, 511 U.S. 825, 831 (1994). Just as prison officials may be liable for their deliberate indifference in protecting inmates from violence at the hands of fellow inmates, they may also be liable for their deliberate indifference to violence by subordinates. <u>Farmer</u>, 511

Civil No. 98-2049 (JAG)                                                          6

U.S. at 832-33; <u>Buckner v. Hollins</u>, 983 F.2d 119, 122 (8th Cir.1993) (applying deliberate indifference standard to claim based on prison official's failure to act); <u>Meriwether v. Coughlin</u>, 879 F.2d 1037, 1048 (2d Cir.1989) ("[S]upervisory liability may be imposed when an official has actual or constructive notice of unconstitutional practices and demonstrates 'gross negligence' or 'deliberate indifference' by failing to act."); <u>Vaughan v. Ricketts</u>, 859 F.2d 736, 741 (9th Cir.1988) ("[P]rison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an [E]ighth [A]mendment claim."). Of course, for a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation. <u>Blyden v. Mancusi</u>, 186 F.3d 252, 265 (2nd Cir. 1999). In the instant case, Ribot alleges that a correctional officer assaulted him in retaliation for Ribot filing the two previous lawsuits. In <u>Hudson v. McMillian</u>, 503 U.S. 1, 2 (1992), the Supreme Court held that an Eighth Amendment claim is always established when prison officials use force maliciously and sadistically to cause harm "whether or not significant injury is evident." Id. at 2. Thus, Ribot's allegations concerning the attack by a correctional officer, if proven, would constitute a constitutional deprivation under the Eighth Amendment.

Nevertheless, since Section 1983 imposes liability only upon those who actually cause a deprivation of rights, "personal

Civil No. 98-2049 (JAG)                                                         7

involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." <u>Blyden v. Mancusi</u>, 186 F.3d 252, 264 (2d Cir. 1999) citing <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994). The doctrine of <u>respondeat superior</u> cannot be used to establish liability under Section 1983. <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 692-94 (1978); <u>Wright</u>, 21 F.3d at 501; <u>Johnson v. Glick</u>, 481 F.2d 1028, 1034 (2d Cir. 1973). Thus, "[g]iven the lack <u>respondeat superior</u> liability under Section 1983, a supervisor's liability is not for the use of excessive force ... but for distinct acts or omissions that are a proximate cause of the use of that force." <u>Blyden</u>, 186 F.3d at 264.

In prison conditions cases, a prison official cannot be found liable under the Eighth Amendment for failure to prevent an attack by a correctional officer unless the official: 1) knew of and deliberately disregarded an unreasonable risk to the inmate's safety; or 2) must have been aware of the facts from which an inference could have been drawn that an unreasonable risk of serious harm existed to the inmate's safety. <u>Farmer</u>, 511 U.S. at 837. An unreasonable risk of serious harm is established where a plaintiff shows that there is "a 'strong likelihood' that violence would occur." <u>Purvis v. Ponte</u>, 929 F.2d 822, 825 (1st Cir. 1991) citing <u>Benson v. Cady</u>, 761 F.2d 335, 339-40 (7th Cir. 1985). Here, the alleged assault of Ribot by correctional Officer Llaurador is insufficient in and of itself to infer that any of the defendants

Civil No. 98-2049 (JAG)                                                          8

knew or should have known that Ribot's safety had been threatened and that they would have been deliberately indifferent to that threat. Thus, the Complaint fails to state a claim of Eighth Amendment violations by the prison officials named as defendants.

Although the Court is persuaded that Ribot has failed to state a claim, the defect is one that might easily be cured by an amendment. The Court would ordinarily take into consideration Ribot's <u>pro se</u> status, and grant dismissal without prejudice to Ribot's filing of an amended complaint realleging his claim. Nevertheless, Ribot received a copy of the motion to dismiss twenty eight months ago and he has not filed objections seeking to explain his allegations. Thus, Ribot has received the equivalent of all the "practical protections" typically given to paying plaintiffs under Fed.R.Civ.P. 12(b)(6). <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 (1989). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." <u>McCoy v. Massachusetts Institute of Tech.</u>, 950 F.2d 13, 22 (1st Cir. 1991). The plaintiff is responsible for putting his best foot forward in an effort to present a legal theory that will support his claim. Id. at 23 (citing <u>Correa-Martinez</u>, 903 F.2d at 52). The plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988). Accordingly, the Court dismisses Ribot's

Civil No. 98-2049 (JAG) 9

Complaint with prejudice for failure to state a claim upon which relief can be granted. <u>Pavilonis v. King</u>, 626 F.2d 1075, 1078 (1st Cir. 1980), (affirming dismissal where magistrate's report alerted plaintiff to complaint's deficiencies, which plaintiff failed to cure).

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss (Docket 27). Judgment shall be entered dismissing the Complaint with prejudice.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, this 28th day of March 2002.

_____
JAY A. GARCIA-GREGORY
United States District Judge